



FILED

JUL 1 4 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1          UNITED STATES BANKRUPTCY COURT

2          EASTERN DISTRICT OF CALIFORNIA

3              SACRAMENTO DIVISION

4   In re:                        )   Case No. 09-42215-B-13
                                  )
5   FAYE ARELLANO,                )
                                  )
6          Debtor(s).             )   Adversary No. 10-2065-B
                                  )
7   FAYE ARELLANO,                )   DCN N/A
                                  )
8          Plaintiff(s),          )
                                  )
9   vs.                           )   Date:  November 18, 2010
                                  )   Time:  11:30 a.m.
10  MORTGAGE ELECTRONIC SYSTEM,   )   Place: U.S. Courthouse
    INC., et al.,                 )          Courtroom 32
11                                )          501 I Street
           Defendant(s).          )          Sacramento, CA 95814
12                                )
                                  )
13  _____)

14  **MEMORANDUM DECISION ON MOTION FOR JUDGMENT ON THE PLEADINGS**

15      This matter came on for final hearing on November 18, 2010, at

16  11:30 a.m.  Appearances are noted on the record.  At the conclusion of

17  the hearing the court took the matter under submission.  The

18  following constitutes the court's findings of fact and conclusions of

19  law, pursuant to Federal Rule of Bankruptcy Procedure 7052.

20                        **DECISION**

21      The motion is granted in part and denied in part to the

22  extent set forth herein.  The motion's request for judgment on

23  the pleadings pursuant to Fed. R. Civ. P. 12(c) is denied as to

24  all claims for relief.  The motion's requests, pursuant to Fed.

25  R. Civ. P. 12(h)(2) and (b)(6), for dismissal of the first,

26  second, fourth and fifth claims for relief contained in the first

27

28                        -1-





amended complaint filed on June 30, 2010 (Dkt. 30)(the "FAC"),
are granted as to moving defendants Mortgage Electronic System,
Inc. ("MERS"), IMB HoldCo, LLC ("IMB HoldCo"), IMB Management
Holdings, LLP  ("IMB Management"), OneWest Bank Group, LLC
("OneWest Group") and OneWest Venture, LLC ("OneWest Venture"),
and those claims are dismissed as to defendants MERS, IMB HoldCo,
IMB Management, OneWest Group and OneWest Venture without leave
to amend.  The motion's requests, pursuant to Fed. R. Civ. P.
12(h)(2) and (b)(6), for dismissal of the first, second, fourth
and fifth claims for relief as to moving defendant OneWest Bank,
FSB ("OneWest Bank") are granted as to defendant OneWest Bank
with leave to amend.  The motion's request for dismissal of the
third claim for relief as to defendants MERS, IMB HoldCo, IMB
Management, OneWest Group, OneWest Venture and OneWest Bank
(collectively, the "Moving Defendants") is granted as to Moving
Defendants without leave to amend.  On or before August 12, 2011
the plaintiffs shall file a second amended complaint that is
consistent with this ruling.  If the plaintiffs wish to include
in the complaint claims for relief against any or all of MERS,
IMBHoldCo, IMB Management, OneWest Group and OneWest Venture, the
plaintiffs shall file a motion requesting permission to include
those defendants in the second amended complaint, shall file and
serve said motion on or before August 5, 2011, and shall set said
motion on the first available calendar which provides proper
notice to parties in interest.  If filed, the motion to amend
shall set forth the specific factual allegations which the

plaintiffs would include in the second amended complaint as to those parties which the plaintiffs seek to include as named defendants. If filed, the motion to amend will also toll the August 12, 2011 deadline for filing the second amended complaint set forth above pending the resolution of the hearing on the motion to amend.

### FACTUAL BACKGROUND

By this motion, Moving Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.

The FAC alleges five causes of action for 1.) Declaratory Relief, 2.) Violation of 11 U.S.C. § 362(a), 3.) Violation of 11 U.S.C. § 362(k)(1), 4.) Violation of the Real Estate Settlement Procedures Act ("RESPA"), and 5.) Civil Conspiracy.

The FAC grounds its claims for relief on the following alleged facts. The plaintiff debtor Faye Arellano (the "Debtor") owns real property located at 5670 Lilyview Way, Elk Grove, California (the "Property"). The Property is the Debtor's personal residence. On September 28, 2006, the Debtor executed a promissory note (the "Note") payable to the order of Financial Capital, Inc. ("Financial Capital") for the purpose of obtaining a loan. The Debtor executed a deed of trust (the "Deed of Trust") encumbering the Property to secure the Note. The terms of the Note required monthly payments of $2,719.49 over thirty years. The Debtor alleges that the Note and Deed of Trust "did not include an escrow account." FAC, ¶ 30.

1    The FAC alleges that at the time the loan was made it
2    allegedly "specified servicing of the loan" to MERS.  Although
3    not specifically alleged, the FAC strongly implies that The Note
4    and Deed of Trust were later assigned to IndyMac Bank, FSB
5    ("IndyMac").  IndyMac was subsequently closed by the Federal
6    Deposit Insurance Corporation and a new entity, IndyMac Federal
7    Bank, FSB ("IndyMac Federal"), a "bridge bank," was formed to
8    which the assets of IndyMac, including the Note and Deed of
9    Trust, were transferred.  The Note and Deed of Trust, along with
10   other assets of IndyMac were then allegedly "passed through" IMB
11   HoldCo, IMB Management, OneWest Venture and OneWest Group to
12   OneWest Bank.

13       The Debtor commenced this chapter 13 bankruptcy case (the
14   "Bankruptcy Case") on October 13, 2009.  OneWest Bank filed a
15   secured claim (the "Claim") in the Bankruptcy Case on November
16   19, 2009.  The Claim is filed in the amount of $435,390.80.

17       The Debtor alleges that "Defendant, as a matter of normal
18   business practice, conducts an 'Escrow Analysis' pursuant to
19   RESPA upon notice of a bankruptcy filing."  FAC, ¶ 44.  An escrow
20   analysis allegedly analyzes the advances made by the lender in
21   the twelve months prior to the bankruptcy filing for the purposes
22   of paying of property taxes, insurance and other costs related to
23   the security for a loan and projects those costs into the future
24   in order to determine the amount that the borrower will be
25   required to pay for those costs in the future.  The escrow
26   analysis also allegedly compares the amounts advanced by the

27

28                              -4-

1   lender for these costs to the amounts paid into an escrow account

2   by the borrower for payment of those costs; if the result shows

3   that the lender has advanced funds in excess of what the borrower

4   has paid into the escrow account, the lender will generate a

5   notice of a post-petition increase in the regular monthly

6   mortgage payment. The increase is allegedly intended to recoup

7   the advances paid by the Defendant in excess of the payments made

8   by the borrower to the escrow account. The notices specifying

9   the post-petition increases in payments are sent to the debtor

10   borrower and the chapter 13 trustee.

11      The Debtor alleges that as a result of receiving a notice of

12   a post-petition payment increase, the chapter 13 trustee takes

13   action which results in the collection by the trustee of the

14   increased payment as specified in the lender's notice, which

15   action includes objections to confirmation or motions to dismiss

16   if the debtor is not proposing to pay the full amount of the

17   increased payment. The Debtor alleges that in generating and

18   sending the notices based on post-petition escrow analyses as

19   described above, the "Defendants" fail to distinguish between

20   pre- and post-petition escrow advances and improperly collect on

21   a claim for a pre-petition debt through the ongoing monthly

22   mortgage payment. The Debtor alleges that this practice violates

23   the automatic stay of 11 U.S.C. § 362(a).

24      In this case, the Debtor alleges OneWest Bank generated such

25   a notice on or about November 2, 2009, which notice was sent to

26   the Debtor and the chapter 13 trustee. FAC, ¶ 38. The Debtor's

27

28                      -5-

counsel was also notified of the notice in a letter sent to counsel by OneWest Bank on or about November 6, 2009. The Debtor also alleges that on or about February 26, 2010, "defendants" sent a letter on behalf of OneWest Bank informing the Debtor that the correct post-petition payment for the loan was $3,459.73, and that previous notices could be disregarded. FAC, ¶ 52.

The Debtor also alleges that the Defendants' violated RESPA by (1) failing to notify the Debtor when the note and deed of trust were transferred; (2) assessing more "risk" in the Defendants' escrow analysis calculations than is allowed by RESPA; (3) improperly accessing the escrow account for payment of property taxes and insurance; (4) failing to credit back charges improperly force-placing insurance when the Debtors had paid for insurance themselves; and (5) performing an improper escrow analysis that resulted in incorrect notices of increase in payments. The Debtor specifically cites 12 U.S.C. § 2604 as the basis for their claims for RESPA violations.

Finally, the Debtor alleges that the "Defendants," were engaged in a civil conspiracy for the purpose of "recouping pre-petition claims from post-petition estate property resulting in systematic injury to debtor" by means of the allegedly improper escrow analyses described above, concealing the post-petition collection of pre-petition claims, and objecting to confirmation of chapter 13 plans based on the improper escrow analyses.

In addition to the facts alleged by the Debtor in the FAC summarized above, the court takes judicial notice of the Escrow

-6-

Account Disclosure Statement dated November 2, 2009 (the

"Statement")(Dkt. 57 at 7) and the Deed of Trust dated September

28, 2006 (Dkt. 56 at 2), copies of which were submitted by the

Moving Defendants with this motion.  In the Ninth Circuit, a

court may consider a writing referenced in a complaint but not

explicitly incorporated therein if the complaint relies on the

document and its authenticity is unquestioned.  <u>Parrino v. FHP,

Inc.</u>, 146 F.3d 699, 706 (9th Cir.1998), <u>superseded by statute on

other grounds as stated in</u> Abrego v. Dow Chem. Co., 443 F.3d 676

(9th Cir.2006); <u>see also</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d

668, 688 (9th Cir.2001).  In this case, both the Statement and

the Deed of Trust are referenced in the FAC but are not

explicitly incorporated therein.  The Debtor does not question

the authenticity of either document.

Having taken judicial notice of the Deed of Trust, the court

notes, contrary to the Debtor's allegations in the FAC, that the

Deed of Trust does provide as part of its uniform covenants that

the Debtor shall pay the lender periodic payments of amounts due

for taxes, assessements, items that can attain priority over the

Deed of Trust as a lien or encumbrance on the Property, and

insurance premiums.  (Dkt. 56 at 5).

## ANALYSIS

<u>The Law Applicable to A Motion For Judgment on the Pleadings</u>

A judgment on the pleadings under Rule 12(c) "is properly

granted when, taking all the allegations in the pleadings as

1    true, the moving party is entitled to judgment as a matter of

2    law." <u>Nelson v. City of Irvine</u>, 143 F.3d 1196, 1200 (9th Cir.

3    1998).    Although the caption of this motion indicates that it is

4    a motion for a judgment on the pleadings pursuant to Rule 12(c),

5    the motion and the prayer contained in the supporting memorandum

6    of points and authorities requests dismissal of the FAC without

7    leave to amend.    However, pursuant to Fed. R. Civ. P. 12(h)(2),

8    a motion made pursuant to Rule 12(c) may be used to raise a

9    defense under Fed. R. Civ. P. 12(b)(6) that a complaint fails to

10   state a claim upon which relief may be granted.    In this case,

11   the Defendants raised a defense under Rule 12(b)(6) as their

12   first affirmative defense in their answer to the FAC filed on

13   July 15, 2010 (Dkt. 92 at 17).

14        The following sets forth the legal standard for dismissal of

15   a complaint where the complaint fails to state a claim on which

16   relief may be granted:

17

18        The purpose of a motion to dismiss under Rule 12(b)(6) of

19        the Federal Rules of Civil Procedure, made applicable here

20        under Fed. R. Bankr. P. 7012, is to test the legal

21        sufficiency of a plaintiff's claims for relief.    In

22        determining whether a plaintiff has advanced potentially

23        viable claims, the complaint is to be construed in a light

24        most favorable to the plaintiff and its allegations taken as

25        true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S.Ct. 1683, 40

26        L.Ed.2d 90 (1974);  <u>Church of Scientology of Cal. v. Flynn</u>,

27

28                              -8-

744 F.2d 694, 696 (9th Cir.1984). . .

Quad-Cities Constr., Inc. v. Advanta Bus. Servs. Corp. (In re
Quad-Cities Constr., Inc.), 254 B.R. 459, 465 (Bankr. D. Idaho
2000).

In addition, under the Supreme Court's most recent
formulation of Rule 12(b)(6), a plaintiff cannot "plead the bare
elements of his cause of action, affix the label 'general
allegation,' and expect his complaint to survive a motion to
dismiss." Ashcroft v. Iqbal,129 S .Ct 1937, 1954 (2009).
Instead, a complaint must set forth enough factual matter to
establish plausible grounds for the relief sought. See Bell Atl.
Corp. v. Twombly, 127 S.Ct. 1955, 1964-66 (2007). ("[A]
plaintiff's obligation to provide 'grounds' of his 'entitle[ment]
to relief requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do."). Factual allegations must be enough to raise a right
to relief above the speculative level. Id., citing to 5 C.
Wright & A. Miller, Fed. Practice and Procedure § 1216, at 235-36
(3d ed. 2004) ("[T]he pleading must contain something more. . .
than . . . a statement of facts that merely creates a suspicion
[of] a legally cognizable right of action").

In addition, the court notes the following:

A dismissal under Rule 12(b)(6) may be based on the
lack of a cognizable legal theory or on the absence of

-9-

1   sufficient facts alleged under a cognizable legal

2   theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir.

3   2001); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d

4   696, 699 (9th Cir. 1988). . . the Court is not required

5   "to accept as true allegations that are merely

6   conclusory, unwarranted deductions of fact, or

7   unreasonable inferences." <u>Sprewell v. Golden State</u>

8   <u>Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Courts

9   will not "assume the truth of legal conclusions merely

10  because they are cast in the form of factual

11  allegations." <u>Warren v. Fox Family Worldwide, Inc.</u>, 328

12  F.3d 1136, 1139 (9th Cir. 2003); <u>accord</u> <u>W. Mining</u>

13  <u>Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

14  Furthermore, courts will not assume that plaintiffs

15  "can prove facts which [they have] not alleged, or that

16  the defendants have violated . . . laws in ways that

17  have not been alleged." <u>Assoc. Gen. Contractors of</u>

18  <u>Cal., Inc. v. Cal. State Council of Carpenters</u>, 459

19  U.S. 519, 526; 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).

20      . .

21

22  <u>Toscano v. Ameriquest Mortg. Co.</u>, 2007 U.S. Dist. LEXIS 81884

23  (E.D. Cal. 2007).

24      A motion for judgment on the pleadings under Rule 12(c) is

25  "essentially equivalent to a Rule 12(b)(6) motion to dismiss, so

26  a district court may 'dispose of the motion by dismissal rather

27

28                          -10-

than judgment.'"  Technology Licensing Corp. v. Technicolor USA,
Inc., 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010)(quoting Sprint
Telephony PCS, L.P. v. County of San Diego, 311 F.Supp.2d 898,
902-03 (S.D.Cal.2004)).

If a Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted,
"[the] court should grant leave to amend even if no request to
amend the pleading was made, unless it determines that the
pleading could not possibly be cured by the allegation of other
facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.
1995). In other words, the court is not required to grant leave
to amend when an amendment would be futile. See Toscano, 2007
U.S. Dist. LEXIS 81884 (citing Gompper v. VISX, Inc., 298 F.3d
893, 898 (9th Cir. 2002)).  Similarly, a court may also grant
leave to amend in response to a Rule 12(c) motion "if the
pleadings can be cured by further factual enhancement."
Technology Licensing Corp., 2010 WL 4070208 at *3.


### Dismissal of Non-OneWest Bank
### Moving Defendants Without Leave to Amend

Before turning to an analysis of each of the enumerated
claims for relief set forth in the FAC, the court first addresses
the inclusion of named defendants IMB HoldCo, IMB Management,
OneWest Group and OneWest Venture (collectively, the "Non-OneWest
Bank Defendants") in the FAC, which parties were not named as
defendants in the initial complaint filed on February 3, 2010.

-11-

The FAC identifies the Non-OneWest Bank Defendants and alleges
that each of the Non-OneWest Bank Defendants held an interest in
the loan at some time or provided loan servicing, but does not
contain any specific allegations relating to conduct of the Non-
OneWest Bank Defendants with respect to the Bankruptcy Case.
Instead, the allegations in the FAC only allege that OneWest Bank
filed a proof of claim in the bankruptcy case and sent notices to
the Debtor regarding the amount of her monthly mortgage payment.

To the extent that any conduct of the Non-OneWest Bank
Defendants is alleged in the FAC at all, the Non-OneWest Bank
Defendants are only vaguely and ambiguously identified with the
label "Defendants," "Defendant" or "defendant."  In light of the
allegations in the FAC and those matters of which this court has
taken judicial notice which indicates OneWest Bank is the only
named defendants which has actively sought to enforce the Claim
in this case, the Debtor's vague allegations are insufficient to
state any plausible claim for relief as against the Non-OneWest
Bank Defendants.

Dismissal of Third Claim for Relief (Violation of 11 U.S.C. §
362(k)(1)) Without Leave to Amend

The Defendants' request for judgment on the pleadings with
respect to the third claim for relief is denied, and the claim is
dismissed without leave to amend as to all named defendants, but
without prejudice to the inclusion of a claim for violation of
the automatic stay in an amended complaint, as discussed, infra,

-12-

in connection with the second claim for relief.

The third claim for relief alleges a violation of 11 U.S.C. § 362(k)(1). Section 362(k)(1), however, does not create a right of action but governs the available remedies and measure of damages for a violation of a stay provided by § 362. As a result, because the Debtor cannot state a claim for a violation of § 362(k)(1), the claim is dismissed without leave to amend.

<u>Dismissal of OneWest Bank With Leave to Amend</u>

Having addressed the Debtor's allegations with respect to the Non-OneWest Bank Defendants, the court now addresses each of the Debtor's first, second, fourth and fifth claims for relief with respect to OneWest Bank.

*1. First Claim for Relief: (Declaratory Relief)*

This claim for relief is dismissed as to OneWest Bank with leave to amend.

The facts alleged by the Debtor establishes the existence of a dispute between the Debtor and some, if not all, of the named defendants regarding the correct amount of the ongoing monthly payments to be made by the Debtor under her note and deed of trust obligations, the correct method by which the escrow analysis should be prepared, and the proper amount of the pre-petition claim based on the note and deed of trust obligation.

The first claim for relief fails, however, to distinguish adequately among the named defendants with respect to the

aforementioned disputes.  The Debtor has not alleged facts
supporting a need for declaratory relief between themselves and
all of the named defendants, and, as a result, the defendants
have not been given fair notice of the claims being alleged
against each of them.  See Erickson v. Pardus, 551 U.S. 89, 93
(2007)(under Fed. R. Civ. P. 8, the plaintiff need only provide a
short and plain statement of the claim for relief, but must also
give the defendant fair notice of the claims being alleged
against it).  The Debtor's allegations that a controversy exists
between herself and "Defendants" is insufficient.  It appears,
based on the Debtor's general allegations, that her claim for
declaratory relief is relevant only to the Debtor and OneWest
Bank, the only entity alleged to have taken an active role in
enforcing the Claim in ths bankruptcy case.  However, the Debtor
is given leave to amend to clarify the exact nature of the
dispute between themselves and each of the remaining named
defendants, to the extent such a dispute exists.


   *2.  Second Claim for Relief (Violation of 11 U.S.C. § 362(a))*
        This claim for relief is dismissed as to OneWest Bank with
leave to amend.
        The Moving Defendants argue that the facts alleged by the
Debtor do not constitute a violation of the automatic stay of 11
U.S.C. § 362(a).  The Moving Defendants argue that because the
Debtor did not allege that the notices sent by the Moving
Defendants to the Debtor and the chapter 13 trustee were

-14-

1   accompanied by a payment envelope, or that the notices were

2   threatening or coercive, that no claim for violation of the

3   automatic stay has been alleged.

4        The Moving Defendants rely heavily on the recent decision of

5   the Ninth Circuit Bankruptcy Appellate Panel in In re Zotow, 432

6   B.R. 252 (9th Cir. BAP 2010).  The facts underlying Zotow are

7   similar to those alleged in the instant adversary proceeding.

8   The Zotows were debtors in chapter 13 who objected to a proof of

9   claim filed by BAC Home Loans Servicing, LP ("BAC").  The Zotows

10  objected to BAC's claim on the ground that the Zotows' pre-

11  petition escrow account shortages should have been listed in the

12  proof of claim.  Rather than include the shortage in the proof of

13  claim, BAC had instead performed an escrow analysis and had sent

14  the debtors and the chapter 13 trustee a post-petition notice

15  which indicated an increase in their ongoing monthly installment

16  payment into the escrow account due to the pre-petition shortage.

17  The notice stated that it was being furnished for informational

18  purposes only and should not be construed as an attempt to

19  collect against the debtors personally.  The notice also stated

20  that if the debtors were involved in a chapter 13 proceeding the

21  debtors were required to obey all orders of the court in the

22  event that the amount specified in the notice conflicted with any

23  order or requirement of the court.  Based on the notice, the

24  chapter 13 trustee made several ongoing post-petition installment

25  payments to BAC from the debtors' plan payments based on the

26  amount of the payments as specified in the notice.  The chapter

27

28                                  -15-

1  13 trustee also objected to confirmation of the debtors' chapter

2  13 plan on the ground that the debtors' proposed plan payment was

3  insufficient to fully fund the plan based on the increased

4  payment amount set forth in the notice sent by BAC.

5      The debtors argued that BAC's attempt to collect the escrow

6  shortage, a pre-petition debt, by increasing the ongoing post-

7  petition installment payment through the chapter 13 plan rather

8  than including the escrow shortage in the proof of claim

9  constituted a violation of the automatic stay.  Following an

10  evidentiary hearing the bankruptcy court concluded that BAC

11  should have included the pre-petition escrow shortage in its

12  proof of claim, but also found that BAC had not violated the

13  automatic stay.

14      The BAP affirmed the bankruptcy court's conclusion that BAC

15  had not violated the automatic stay.  As the BAP stated,

16

17      the automatic stay does not prevent all communications

18      between a creditor and the debtor. Morgan Guar. Trust Co. of

19      N.Y. v. Am. Sav. and Loan Ass'n, 804 F.2d 1487, 1491 (9th

20      Cir.1986); Connor v. Countrywide Bank, N.A. (In re Connor),

21      366 B.R. 133, 136 (Bankr.D.Hawaii 2007). Whether a

22      communication is a permissible or prohibited one is a

23      fact-driven inquiry which makes any bright line test

24      unworkable. See Henry v. Assocs. Home Equity Servs., Inc.,

25      272 B.R. 266, 278 (C.D.Cal.2002) (whether creditor's

26      activities involved coercion or harassment is fact-specific

27

28                          -16-

1    inquiry); <u>Cousins v. CitiFinancial Mortgage Co. (In re</u>

2    <u>Cousins)</u>, 404 B.R. 281, 287 (Bankr.S.D.Ohio 2009) (noting

3    that determining whether a violation of the automatic stay

4    occurs can be complicated).

5

6    <u>Zotow</u>, 432 B.R. at 258.

7         The BAP went on to identify prohibited communications as

8    "those where direct or circumstantial evidence shows the

9    creditors actions were geared toward collection of a pre-petition

10   debt, were accompanied by coercion or harassment, or otherwise

11   put pressure on the debtor to pay. . . . [M]ere requests for

12   payment and statements simply providing information to a debtor

13   are permissible communications that do no run afoul of the stay."

14   <u>Id.</u> "In the end, one distinguishing factor between permissible

15   and prohibited communications is evidence indicating harassment

16   or coercion.  When such evidence is present, a disclaimer on the

17   communication that it was being sent 'for informational purposes

18   only' is ineffective." <u>Id.</u> at 259.  The BAP identified three

19   significant facts in <u>Zotow</u> that informed its conclusion that the

20   post-petition notice sent by BAC did not violate the automatic

21   stay: (1) the notice was not in the nature of an invoice and

22   merely set forth the fact of the debt; (2) BAC did not send the

23   notice with a payment coupon or envelope and without any

24   informational component; and (3) BAC sent only one notice to the

25   debtors, and the information contained in that notice was

26   information that the debtors would need to propose a feasible

27

28                              -17-

chapter 13 plan.  Id. at 259-60.  The Zotow court also found that
BAC did not violate the automatic stay by receiving increased
post-petition payments from the chapter 13 trustee.

In the instant case, the copy of the Escrow Account
Disclosure Statement dated November 2, 2009 submitted by the
Moving Defendants states in two places that it is not being used
to collect a debt, but is for informational purposes only.  It
also states that IndyMac Mortgage Services, a division of OneWest
Bank, which sent the statement to the Debtor, calculated an
anticipated escrow shortage amount of $5,641.35 by the end of
October, 2009 if the Debtor did not plan to pay the increased
monthly payment specified in the statement or pay the escrow
shortage in a lump sum.  The statement stated that OneWest Bank
"required" the escrow balance to be $6,743.07 by the end of
October, 2009.  The statement also states that if the Debtor
wanted to pay the escrow shortage in a lump sum, she should
return it to IndyMac Mortgage Services with the coupon attached
to the Statement.  As in Zotow, the Statement is not in the
nature of an invoice.  The Statement also states that it is for
informational purposes only and is not being used to collect a
debt, though it does state that the Debtor was "required" to have
a certain balance in her escrow account by the end of October,
2009 and included a coupon to be returned with payment in the
even that the Debtor wished to pay the escrow shortage in a lump
sum.

The question, then, is whether the Debtor's allegation that

-18-

1  notices regarding changes in her payment is sufficient to elevate

2  the alleged actions of one or more of the Moving Defendants to a

3  violation of the automatic stay.  The court concludes that the

4  allegations contained in the FAC are not sufficient.  The court

5  does not reach this conclusion because the sending of a notice

6  regarding post-petition payment increases can never be a

7  violation of the automatic stay; the court does not foreclose the

8  possibility that a creditor's sending of a notice to a debtor,

9  whether informational or not, may rise to the level of coercion

10  or harassment.  As the Zotow court pointed out, whether

11  communications are prohibited or permitted or whether they rise

12  to the level of coercion or harassment are fact-driven inquiries

13  for which there are no bright-line rules.

14        Instead, the court concludes that the allegations in the FAC

15  and under the second claim for relief are not sufficient to state

16  a claim upon which relief may be granted because, as with the

17  first claim for relief, they do not give each of the Moving

18  Defendants and the other named defendants fair notice of the

19  claims being alleged against them.  As with the first claim for

20  relief, the general allegations in the FAC and in the second

21  claim for relief are replete with vague references to

22  "Defendants," "defendants" and "Defendant," with no apparent

23  effort made to distinguish between each of the eleven defendants

24  named in the caption of the FAC.

25        In addition, other than the sending of a notice regarding a

26  payment increase, the FAC is devoid of other allegations which,

27

28                             -19-

1   construed in the light most favorable to the Debtor, would show

2   coercive or harassing behavior on the part of any of the Moving

3   Defendants.  As a result, the second claim for relief is

4   dismissed with leave given to the Debtor to amend the FAC to

5   specify which of the named defendants committed acts which

6   allegedly violated the automatic stay and, to the extent that

7   they exist, to allege additional facts regarding the sending of

8   the Notice or other acts committed in violation of the automatic

9   stay.

10

11      *3.   Fourth Claim for Relief (Violation of Real Estate Settlement*

12                     *Practices Act (RESPA))*

13      This claim is dismissed as to OneWest Bank with leave to

14   amend.

15      The fourth claim for relief alleges that the "Defendants"

16   violated RESPA by (1) failing to notify the Debtor when the note

17   and deed of trust were transferred; (2) assessing more "risk" in

18   the "Defendants'" escrow analysis calculations than is allowed by

19   RESPA; (3) improperly accessing the escrow account for payment of

20   property taxes and insurance; (4) failing to credit back charges

21   for improperly force-placing insurance; and (5) performing an

22   improper escrow analysis that resulted in incorrect notices of

23   increase in payments.  However, the Debtor cites only 12 U.S.C. §

24   2604 in connection with the claim.  Section 2604, however,

25   governs the form and distribution of special information booklets

26   regarding the nature and costs of real estate settlement

27

28                          -20-

1　services.

2　　　　In their written opposition, the Debtor has identified other

3　sections of RESPA that she asserts were violated by the Moving

4　Defendants.　These sections, however, are not identified in the

5　FAC.　In the context of a motion for a more definite statement

6　under Fed. R. Civ. P. 12(e), the Ninth Circuit has stated, "even

7　though a complaint is not defective for failure to designate the

8　statute or other provision of law violated, the judge may in his

9　discretion . . . require such detail as may be appropriate in the

10　particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.

11　1996).　Although the Moving Defendants have filed a motion for

12　judgment on the pleadings rather than for a more definite

13　statement, the court finds that McHenry v. Renne is applicable

14　here, insofar as a motion for a more definite statement and a

15　motion for judgment on the pleadings are both concerned with the

16　sufficiency of the plaintiff's pleading.　In this case, the court

17　dismisses the fourth claim for relief with leave to amend as to

18　the specific provisions of RESPA that the Debtor asserts were

19　violated by one or more of the named defendants because RESPA is

20　a complex statute that covers several sections of Chapter 27 of

21　the United States Code.　Requiring the Debtor to specify the

22　specific provisions that they believe were violated prevents both

23　the Moving Defendants and the court from guessing which

24　provisions of RESPA the Debtor believed the Moving Defendants

25　violated and gives fair notice to all parties and the court of

26　the claims being asserted.

27

28　　　　　　　　　　　　　　　　-21-

The fourth claim for relief is also dismissed with leave to amend because, like the first and second claims for relief, it is replete with vague references to "Defendants" and "defendants" without any distinction between the eleven named defendants in the caption of the FAC. The allegations underlying the fourth claim for relief do not give the remaining defendants fair notice of the claims being asserted against them. As a result, the fourth claim for relief is dismissed with leave given to the Debtor to amend the claim to specify which of the remaining named defendants violated RESPA and the specific manner in which they violated RESPA.

### 4. *Fifth Claim for Relief (Civil Conspiracy)*

This claim is dismissed as to OneWest Bank with leave to amend.

Civil conspiracy is not an independent tort. Instead it is "merely a mechanism for imposing vicarious liability; it is not itself a substantive basis for liability. Each member of the conspiracy becomes liable for all acts done by other pursuant to the conspiracy, and for all damages caused thereby." Favila v. Katten Muchin Rosenman LLP, 188 Cal.App.4th 189, 206 (2010). A civil conspiracy is "activated by the commission of an actual tort." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 511 (1994).

In addition, "[t]he basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a

-22-

1  common plan or design to commit a tortious act.   The conspiring

2  defendants must also have actual knowledge that a tort is planned

3  and concur in the tortious scheme with knowledge of its unlawful

4  purpose.   However, actual knowledge of the planned tort, without

5  more, is insufficient to serve as the basis for a conspiracy

6  claim.   Knowledge of the planned tort must be combined with

7  intent to aid its commission."   Id. (citing Kidron v. Movie

8  Acquisition Corp., 40 Cal.App.4th 1571, 1582 (1995).

9      Here, the Debtor alleges that "Defendants" engaged in a

10  conspiracy for the purpose of "recouping pre-petition claims from

11  post-petition estate property resulting in systematic injury to

12  debtor" by means the allegedly improper escrow analyses described

13  above, concealing the post-petition collection of pre-petition

14  claims, and objecting to confirmation of chapter 13 plans based

15  on the improper escrow analyses.   These allegations, however, are

16  not sufficient to state a claim that any of the named defendants

17  were involved in a civil conspiracy.   The Debtor has not alleged

18  any agreement between any of the named defendants to a common

19  plan or design to commit a tortious act, nor have they alleged

20  that any of the named defendants had actual knowledge that a tort

21  was planned and that they concurred in the tortious scheme with

22  knowledge of its unlawful purpose.   This claim for relief also

23  suffers from the same defects as the first, second and fourth

24  claims for relief in that it also fails to distinguish between

25  any of the named defendants with respect to the alleged civil

26  conspiracy.   For these reasons, the court dismisses the fifth

27

28                                  -23-

1  claim for relief as to OneWest Bank with leave to amend.

2       Rather than issue judgment in favor of OneWest Bank, the

3  court dismisses the first, second, fourth and fifth claims for

4  relief in the FAC with leave to amend as to OneWest Bank because

5  the court finds that it is possible that the deficiencies

6  identified in the FAC may be cured with further factual

7  enhancement.  The court cautions the Debtor that the second

8  amended complaint must clearly identify which of the remaining

9  named defendants violated their legal rights and the specific

10 manner in which they violated those rights; if the Debtor fails

11 to do so those defendants who are not clearly connected with the

12 acts complained of will be dismissed without leave to amend.

13      The court will issue a separate order consistent with this

14 ruling.

18 Dated: JUL 1 4 2011

19                              _Thomas C. Holman_
                                United States Bankruptcy Judge

                               -24-

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF SERVICE

**The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.**

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

Christopher Giaimo
1050 Connecticut Ave NW #1100
Washington, DC 20036

Joseph Chairez
600 Anton Blvd #900
Costa Mesa, CA 92626

Lauren Danielson
515 S Figueroa St 9th Fl
Los Angeles, CA 90071

Peter Macaluso
7311 Greenhaven Dr #100
Sacramento, CA 95831

Terry Loftus
1770 4th Ave
San Diego, CA 92101

**DATED:** 7|15|11

**By:** _____
**Deputy Clerk**